OPINION
{¶ 1} Defendant-appellant, William L. Smith, appeals the sentence imposed upon him by entry of the Franklin County Court of Common Pleas journalized on May 29, 2003. For the reasons that follow, we reverse the judgment and remand this case for resentencing.
 {¶ 2} On December 9, 2002, the Franklin County Grand Jury indicted appellant on one count of murder with specification, and one count of tampering with evidence. The indictment arose out of an incident that occurred in the early morning hours of November 28, 2002. At that time, appellant was asleep in the apartment of his fiancée, Alisha Callahan ("Callahan"). Also in the apartment were Callahan, her infant daughter, and a male friend of appellant. Upon hearing a knock at the door, Callahan opened it and two men forced their way into the apartment. The men intended to rob its inhabitants and use the money to purchase cocaine.
 {¶ 3} One of the men, Darryl Duff ("Duff"), was armed with a pistol. After a struggle, appellant wrestled the gun from Duff. Though appellant's and the state's versions of what occurred next differ in some material respects, it is undisputed that, ultimately, appellant shot Duff once in the back. Duff ran out of the apartment and to a nearby residence. From there he was transported to Children's Hospital, where he later died.
 {¶ 4} On April 21, 2003, appellant entered a plea of guilty to one count of involuntary manslaughter without specification, in violation of R.C. 2903.04, a felony of the third degree. A nolle prosequi was entered on the murder charge and the charge of tampering with evidence. The trial court ordered a presentence investigation and held a sentencing hearing on May 27, 2003. At the hearing, and in the court's subsequently filed judgment entry, the court sentenced appellant to the maximum term of five years incarceration.
 {¶ 5} Appellant timely appealed and asserts the following assignments of error for our review:
1. The court of common pleas erred by not imposing the minimum sentence to which the Defendant-Appellant was entitled pursuant to O.R.C. 2929.14(B).
2. The court of common pleas erred by imposing the maximum sentence which was contrary to law under O.R.C. 2929.14(C) and O.R.C. 2929.19(B)(2)(d).
 {¶ 6} We address appellant's second assignment of error first, as it is dispositive of this appeal. With respect to maximum sentences, R.C. 2929.14(C) provides as follows:
Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
 {¶ 7} "In order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." State v. Edmonson
(1999), 86 Ohio St.3d 324, 329. "While the trial court is not required `to utter any magic or talismanic words * * * it must be clear from the record that the court made the required findings.'"State v. Clark, Franklin App. No. 02AP-1312, 2003-Ohio-4136, discretionary appeal not allowed, 100 Ohio St.3d 1509,2003-Ohio-6161, at ¶ 15, quoting State v. White (1999),135 Ohio App.3d 481, 486. Additionally, R.C. 2929.19(B)(2)(d) "requires a trial court to `make a finding that gives its reasons for selecting the sentence imposed' if the sentence is for one offense and is the maximum term allowed for that offense, and requires a trial court to set forth its `reasons for imposing the maximum prison term.'" Edmonson, supra, at 328, quoting R.C.2929.19(B)(2)(d).
 {¶ 8} The record reflects, and the state concedes, that the trial court did not make the required findings pursuant to R.C.2929.14(C) and 2929.19(B)(2)(d), before imposing the maximum sentence upon appellant. Accordingly, appellant's second assignment of error is sustained. Because this requires that we remand this case for resentencing, appellant's first assignment of error is moot. However, this court has held that if a sentencing court complies with the requirements of R.C.2929.14(C), the findings set forth in R.C. 2929.14(B) are not required. See State v. Wolford, Franklin App. No. 02AP-552, 2002-Ohio-6964, and State v. Evans, Franklin App. No. 02AP-230, 2002-Ohio-6559, discretionary appeal allowed, 98 Ohio St.3d 1510,2003-Ohio-1572.
 {¶ 9} Appellant's second assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for resentencing consistent with this opinion.
Judgment reversed and remanded.
Lazarus, P.J. and Bowman, J., concur.