OPINION
{¶ 1} Defendant-appellant, William L. Smith, appeals the March 31, 2004 resentencing entry of the Franklin County Court of Common Pleas, imposing the maximum sentence of five years for involuntary manslaughter, without specification. For the reasons that follow, we reverse and remand the matter for resentencing.
 {¶ 2} On December 9, 2002, the Franklin County Grand Jury returned an indictment charging appellant with one count of murder with specification and one count of tampering with the evidence. On April 21, 2003, appellant changed his plea from not guilty and entered a plea of guilty to involuntary manslaughter, without specification, a felony of the third degree. The trial court sentenced appellant to five years, the maximum sentence. Appellant filed a timely appeal before this court.[1] In the opinion released January 29, 2004, this court affirmed appellant's conviction, but remanded the case for resentencing, finding that "the trial court did not make the required findings pursuant to R.C. 2929.14(C) and R.C. 2929.19(B)(2)(d), before imposing the maximum sentence upon appellant." Id. at ¶ 8.
 {¶ 3} On remand, the record indicates that the trial court conducted its resentencing hearing on April 21, 2004, and again imposed the maximum sentence. Prior to doing so, the trial court stated the following: "Pursuant to O.R.C. 2929.14(B) the Court finds that the minimum sentence would demean the seriousness of the offense, and that the minimum sentence would not adequately protect the public from future crime by the offender and others." (April 21, 2004 Remand Entry, at 2.)
 {¶ 4} It is from this remand entry that appellant has filed the second appeal, raising the following three assignments of error:
1. The court of common pleas erred by not imposing the minimum sentence to which the Defendant-Appellant was entitled pursuant to O.R.C. 2929.14
(B) as the departure from the minimum sentence is unsupported by fact.
2. The court of common pleas erred by imposing the maximum sentence which was contrary to law under O.R.C. 2929.14 (C) and O.R.C. 2929.19
(B)(2)(d).
3. The court of common pleas erred by failing to comply with Criminal Rule 32 (A)(1) whereby not affording counsel or defendant an opportunity to address the court regarding mitigation.
 {¶ 5} We address appellant's second assignment of error first, as it is dispositive of this appeal. At the resentencing hearing, the trial court again neglected to clearly articulate its reasons for imposing the maximum sentence. While "the trial court is not required `to utter any magic or talismanic words * * * it must be clear from the record that the court made the required findings.'" State v. Clark, Franklin App. No. 02AP-1312, 2003-Ohio-4136, at ¶ 15, discretionary appeal not allowed,100 Ohio St.3d 1509, 2003-Ohio-6161, quoting State v. White (1999),135 Ohio App.3d 481, 486. Although the remand entry states that the trial court "weighed the factors as set forth in the applicable provisions of * * * R.C. 2929.14" (Remand Entry, at 2), a review of the transcript reveals that the trial court failed to fully support its subsequent sentence with sufficient detail. The state concedes that the record does not reflect the proper findings by the court. We agree.
 {¶ 6} R.C. 2929.19(B)(2)(d) requires that the trial court "make a finding that gives its reasons for selecting the sentence imposed," and where that sentence is the maximum term allowed for that offense, the judge must set forth "reasons for imposing the maximum prison term." Failure to enumerate the findings behind the sentence constitutes reversible error. See State v. Edmonson (1999), 86 Ohio St.3d 324, 329
("In order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the criteria listed in R.C.2929.14[C]"). In its remand entry, the trial court "considered" the pre-sentence investigation report, as well as the victim's impact statement, appellant's prior history, and appellant's "lack of remorse." (Remand Entry, at 2.) The trial court referenced R.C. 2929.14(B) and reiterated some of the language, stating, "the Court finds that the minimum sentence would demean the seriousness of the offense, and that the minimum sentence would not adequately protect the public from future crime by the offender and others." Id. However, the trial court's finding lacks the relevant specificity and never connects details from the record to the imposition of the maximum sentence. Instead, "the comment references evidence that exists, but does not articulate reasons that conceivably could be drawn from that evidence." State v. Craddock,
Cuyahoga App. No. 82870, 2004-Ohio-627, at ¶ 25. In Craddock, the appeals court held that the trial court failed to make the required findings prior to imposing the maximum sentence to a defendant who had pled guilty to two counts of rape and three counts of gross sexual imposition. Id. at ¶ 27. Although the trial court had made general statements regarding the harm caused by the defendant, "the court, however, did not list any reasons for imposing the maximum term." Id. at ¶ 22. The appeals court noted that while evidence may have existed, the court "detailed none of the specific information outlined by the prosecutor, or in the exhibits offered, that would have justified the imposition of the maximum sentences." Id. at ¶ 26.
 {¶ 7} Because the trial court did not make the required findings pursuant to R.C. 2929.14(C) and 2929.19(B) before imposing the maximum sentence, appellant's second assignment of error is well-taken and sustained.
 {¶ 8} For the foregoing reasons, appellant's second assignment of error is sustained as conceded error, and the first and third assignments of error are rendered moot. (A)(1)(c). The judgment of the trial court is reversed as to the penalty phase of appellant's sentence only, and this matter is remanded to the Franklin County Court of Common Pleas for a new sentencing hearing whereby the penalty to be imposed shall be consistent with this opinion and the requirements of R.C. 2929.19(B)(2)(d).
Judgment reversed and remanded with instructions.
Brown, P.J., and Bryant, J., concur.
[1] State v. Smith, Franklin App. No. 03AP-652, 2004-Ohio-351. A thorough procedural and factual history of this case is included in our opinion ruling upon appellant's first appeal.